REGAN, Judge.
The plaintiff, Barbara Ann Richardson, filed this suit against the defendants, Ernest L. Edwards and Government Employees Insurance Company, the public liability insurer of the automobile driven by Edwards, endeavoring to recover the sum of $55,550.00 for personal injuries, property damage, and lost wages which she asserts were incurred by her as the result of the negligence of the defendant in failing to warn oncoming traffic that his automobile had experienced mechanical difficulties in the center lane of that portion of Interstate 10 which crosses over Metairie Road in the City of New Orleans.
The defendants answered and denied the accusations of negligence set forth in the plaintiff’s petition and then asserted that the proximate cause of the accident was the negligence of the plaintiff in failing to maintain an adequate lookout.
Following a trial on the merits, the lower court rendered judgment in favor of the defendants, dismissing the plaintiff’s suit at her cost. From that judgment, she has prosecuted this appeal.
The record discloses that on February 27, 1966, at approximately 6:15 P.M., the plaintiff and the defendant were operating their respective vehicles in Interstate Highway 10, which is colloquially referred to at this segment thereof as “the Expressway”. When the accident occurred, the roadway was not illuminated, and it was also raining.
The situs of the accident, that is, this portion of the expressway is a six lane superhighway, accommodating three lanes of traffic moving respectively in a north and southbound direction.
Prior to the accident, both litigants were traveling at approximately forty-five miles an hour, which was less than the prevailing speed limit. The defendant was operating his automobile in the middle lane of the northbound roadway, and as he approached the rise therein which crosses Metairie Road, his vehicle stalled because of a mechanical malfunction, and it eventually came to a stop approximately halfway up the rise. The defendant asserted that when the car stopped, he was unable to get out because of fast moving traffic passing him on both sides, and in order to warn approaching traffic he left his headlights and tail lights on and pumped his brake pedal in order to create the effect *601 of a blinker light, such as the type which is now standard equipment on late model automobiles.
The plaintiff was traveling in the same direction as the defendant, that is, in the center lane of the expressway. Two other drivers who appeared and testified at the trial hereof were able to observe the defendant’s predicament and drove around him. The plaintiff asserted that she was following one of these vehicles at a distance of approximately fifty feet and that when one of them drove into the right lane to avoid the defendant’s automobile she was only one hundred feet therefrom, and could not have seen it before the automobile in front of her changed lanes.
The driver of the vehicle preceding the plaintiff related that he saw the defendant’s automobile on the overpass when he was approximately four hundred yards away and that he was one hundred yards removed therefrom when he changed lanes.
Moreover, John Exnicios, the city traffic engineer, testified that the rise in this overpass was constructed with a three percent grade, which means that from the base of the overpass to its apex, it rises three feet each one hundred linear feet. The defendant was between one-half and three-quarters of the way up the rise of the overpass, which would place him approximately three hundred fifty feet to five hundred from the base thereof. At this distance he was between ten and fifteen feet above the road level and clearly visible to the operators of other vehicles in addition to the plaintiff.
While it is not significant in this case, we are obliged to point out that there is some conflict in the evidence with respect to the amount of time that the defendant’s automobile remained stalled on the overpass. He testified that he was stalled for a very short period of time before the plaintiff’s vehicle struck him in the rear. Therefore, he did not have either the time or the opportunity to exercise any other precautionary measures to protect the fast moving oncoming vehicles.
The plaintiff endeavored to introduce into evidence the testimony of a switchboard operator for the New Orleans Police Department who related that between 6:15 P.M. and 6:19 P.M. an unknown person telephoned and informed her that there was a car stalled on the expressway near Metairie Road without displaying any lights or signals and that at approximately 6:30 P.M. she received a second call requesting that an emergency unit be dispatched to the foregoing location. The trial judge was not impressed with this evidence, and in view of the fact that it was predicated on hearsay, we are convinced that his impression was correct.
In determining what is negligent conduct we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case mpst be considered and treated individually in conformity with the true civil law concept. Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury or property damage and prescribe the proper rule for each.
Under the facts of this case, it clearly appears that the defendant exercised every precaution within his power while endeavoring to restart his automobile. The front and rear lights were burning, and he manipulated the stop lights to afford additional warning to approaching vehicles. Since he was struck a short time after the vehicle stalled, he did not have sufficient time to engage in any other measures to warn approaching vehicles, nor could he drive the car to a shoulder of the road since there was none adjacent to this portion of the overpass.
*602 Two of the vehicles driving in the same lane as the defendant were able to avoid him, and it was only the plaintiff who failed to do so. .In view of the foregoing facts, we are compelled to reach the inevitable conclusion that she did not see what was plain and obvious to other drivers and what, we conclude, she was obliged to see as a matter of law.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.